**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL MESHEFSKY,<br><br>            Plaintiff,<br><br>v.<br><br>RESTAURANT DEPOT, LLC, VIMAL PATEL and JOHN DOES 1-10 AND 6-10,<br><br>            Defendants. | Civil Action No. 21-3711 (SDW)(LDW)<br><br><br>**OPINION**<br><br><br><br>May 13, 2021 |

**WIGENTON**, District Judge.

Before this Court is Defendants Restaurant Depot, LLC ("Restaurant Depot") and Vimal Patel's ("Patel") (collectively, "Defendants") motion to compel arbitration and to stay Plaintiff Daniel Meshefsky's ("Plaintiff" or "Meshefsky") claims pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendants' motion to compel arbitration.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On or about September 2017, Plaintiff began working at Restaurant Depot. (D.E. 1-1 "Compl." ¶ 5; D.E. 9 Ex. A.) Patel is an owner of Restaurant Depot, which is itself a wholly-owned subsidiary of Jetro Holdings, LLC ("Jetro"). (*Id.* ¶ 3; D.E. 2 (Rule 7.1 Corporate Disclosure Statement).) On September 19, 2019, as a condition of his employment, Plaintiff signed an agreement ("Arbitration Agreement") which provides in relevant part:

> By entering into this Agreement, you and Jetro mutually agree that the exclusive method for resolving "Claims" (defined below) shall be final and binding arbitration in accordance with this Agreement and that neither you nor Jethro may pursue litigation of any Claim in any court. You and Jetro waive all rights to obtain money damages with respect to any Claim other than through arbitration in accordance with this Agreement. **You and Jetro are also waiving all right to a trial by jury of any and all Claims**.

(D.E. 8-1 "Kessel Decl." ¶ 3, Ex. A at 1 (emphasis in original).) The Arbitration Agreement defines a "Claim" as any dispute "arising out of or relating to any aspect of employment, including without limitation recruitment, hiring, the working environment, compensation, benefits, promotions, transfers, training, discipline, discharge, or any other term, condition, or privilege of employment" brought "under any federal, state, or local statute, ordinance, rule or regulation . . . including, without limitation . . . the Family and Medical Leave Act of 1993 . . . laws against discrimination, harassment, or retaliation, . . . family and medical or other leave laws, and all other laws, statutes, rules, regulations, or ordinances and/or common law of any jurisdiction." (*Id.* at 1-2.) The Arbitration Agreement applies to Jetro and any of its affiliates, subsidiaries and/or "any of its or their respective owners, shareholders, members, directors, officers, employees, agents, representatives, insurers, lawyers, successors, and/or assigns." (*Id.* at 1.)[1]

On or about February 5, 2021, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, Union County, Law Division, alleging that Defendants discriminated against him based upon disability or perceived disability in violation of state and federal law, including the Family Medical Leave Act and the New Jersey Law Against Discrimination. (*See generally*, Compl.) Specifically, Plaintiff alleges that at some point in 2020, he "began to experience back pain which increased as he continued to work" and that as a result, Defendants refused to promote him and retaliated against him for requesting accommodation for his disability. (*Id.* ¶¶ 7-22.) Defendants

---

[1] The Arbitration Agreement also provides that the "Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA") shall apply to this Agreement and all arbitrations hereunder." (Kessel Decl. ¶ 3 Ex. A at 5.)

removed to this Court on March 1, 2021 and filed the instant motion to compel arbitration on March 23, 2021. (D.E. 1, 8.) All responses were timely filed. (*See* D.E. 9, 10.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements. *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable"). "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement." *Ellin v. Credit One Bank*, Civ. No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009). To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

## III. DISCUSSION

### *Validity of Arbitration Agreement*

Plaintiff does not challenge the validity of the Arbitration Agreement, but rather argues that Defendants are not parties to it. (*See* D.E. 9 at 7-9 (arguing that "there is no[] mutual assent among the parties . . . to arbitrate disputes" because "[n]either of the named Defendants is identified by name within the agreement . . .").) The clear language of the Arbitration Agreement, however, states that it applies to Jetro and any of its affiliates, subsidiaries and/or "any of its or their respective owners, shareholders, members, directors, officers, employees, agents, representatives, insurers, lawyers, successors, and/or assigns." (Kessel Decl. Ex. A at 1.) Patel is an owner of

3

Restaurant Depot which is a subsidiary of Jetro. As a result, they are parties to the Arbitration Agreement and are entitled to enforce its terms.[2]

*Scope of the Arbitration Agreement*

The Arbitration Agreement provides that claims subject to arbitration include those "arising out of or relating to any aspect of employment, including without limitation recruitment, hiring, the working environment, compensation, benefits, promotions, transfers, training, discipline, discharge, or any other term, condition, or privilege of employment" brought "under any federal, state, or local statute, ordinance, rule or regulation . . . including, without limitation . . . the Family and Medical Leave Act of 1993 . . . laws against discrimination, harassment, or retaliation . . . ." (Kessel Decl. ¶ 3 Ex. A at 1-2.) Plaintiff's allegations that Defendants discriminated against him by denying him a promotion are directly related to his employment at Restaurant Depot, and, therefore, clearly fall with the scope of claims covered by the Arbitration Agreement and must be arbitrated.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Compel Arbitration is **GRANTED**. This matter will be administratively terminated pending the outcome of arbitration. This case may be reinstated to the Court's active docket upon written notice from the parties following the conclusion of arbitration. An appropriate order follows.

                                                           /s/ Susan D. Wigenton
                                                   SUSAN D. WIGENTON, U.S.D.J.

cc:    Clerk
        Parties
        Leda D. Wettre, U.S.M.J.

---

[2] This Court is unpersuaded by Plaintiff's contention that the "[f]orced arbitration of prospective discrimination and retaliation claims" such as those raised here is prohibited by N.J.S.A. 10:5-12.7 ("Section 12.7"). (D.E. 9 at 10-12.) Rather, this Court adopts the thorough analysis provided in *N.J. Civil Just. Inst. v. Grewal*, Civ. No. 19-17518, 2021 WL 1138144, at *7 (D.N.J. Mar. 25, 2021), in which Judge Anne E. Thompson held that Section 12.7 is preempted by the FAA and is, therefore, unenforceable. *See also Janco v. Bay Ridge Auto. Mgmt. Corp.*, No. MON-L1967-20 (N.J. Super. Ct. Law. Div. Jan 22, 2021) (finding that the FAA preempts Section 12.7). Indeed, Plaintiff concedes that the opinion in *N.J. Civil Just. Inst.* "supports Defendants' pre-emption argument." (D.E. 9 at 12.)